**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**Case No. 1:16cv20532**

RYAN EGOZI,

       Plaintiff,

v.

CITY OF MIAMI; MANUEL OROSA,

ERIC PULIDO,

       Defendants.

_____/

1

# Table of Contents

JURISDICTION AND VENUE .................................................................................................................. 3

PARTIES ................................................................................................................................................ 4

GENERAL ALLEGATIONS ....................................................................................................................... 4

FEDERAL CLAIMS .................................................................................................................................. 5

    42 U.S.C. §1983 – Violations of the Fourth Amendment  Excessive Use of Force ..................... 5

    42 U.S.C. §1983 – Violations of the Fourteenth Amendment Failure to Render Medical care ......... 6

    42 U.S.C. §1983 – Violation of Fourth Amendment Failure to Supervise and Discipline .......... 7

STATE LAW CLAIMS .............................................................................................................................. 8

    State Law Claim for False Arrest ................................................................................................ 8

    State Law Claim for Civil Battery ................................................................................................ 9

_____
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400
www.crimlegal.com

## COMPLAINT

Plaintiff, RYAN EGOZI, sues Defendants, jointly and severally, and alleges:

## JURISDICTION AND VENUE

1. This action is brought under 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §§1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's Constitutional and Civil Rights.

2. Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a) for this Court to decide claims that may arise under state law.

3. Venue is properly brought in the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because it is the district in which all of the events or omissions establishing the Plaintiff's claims occurred.

4. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§2201-2202 and Federal Rule of Civil Procedure 57.

5. This Court has authority to award costs and attorneys' fees under 42 U.S.C. §1988 and 28 U.S.C. §1920 with respect to Plaintiff's Constitutional claims.

6. Plaintiff has filed Notices of Claim with the Defendant, CITY OF MIAMI, pursuant to Section 768.28, Fla. Stat. *Copies of said Notice(s) and Return Receipt are attached hereto and marked as Composite Exhibit "A".*

## PARTIES

7. Plaintiff, RYAN EGOZI (hereinafter "MR. EGOZI"), is a Hispanic Male who, at all times material hereto, was a resident of Miami, Florida.

8. Defendant, CITY OF MIAMI (hereinafter "CITY"), is a municipality duly incorporated and existing under the laws of the State of Florida. The City established and maintains the City of Miami Police Department (hereinafter "MPD"), as a constituent department or agency. The City is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the City and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

9. Defendant, MANUEL OROSA (Badge No. 001-5443) (hereinafter "CHIEF OROSA"), was, at all times material hereto, the Chief of Police and a final policymaker for the City with supervisory authority over all officers and operations of MPD, including responsibility for training, recruiting, and managing all MPD officers. He is sued in his individual capacity.

10. Defendant, ERIC PULIDO (Badge No. 001-27367) (hereinafter "OFFICER PULIDO"), was, at all times material hereto, employed as a police officer with the City of Miami Police Department.

## GENERAL ALLEGATIONS

11. This is a civil rights action in which Plaintiff seeks relief from the Defendants for violations of his rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C §1983, the Fourth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the laws of the State of Florida.

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

12. MPD's widespread constitutional abuses are a result of, and are directly and proximately caused by policies, practices, and/or customs devised, implemented, and enforced by the CITY and CHIEF OROSA.

13. The CITY and CHIEF OROSA have acted, and continue to act, with deliberate indifference to the constitutional rights of those who come into contact with MPD officers by: (a) failing to properly screen, train, and supervise MPD officers; (b) inadequately monitoring MPD officers during and after stop-and-frisks, searches, seizures, and arrests; (c) failing to sufficiently discipline MPD officers who engaged in constitutional abuses, and (d) encouraging, sanctioning, and failing to rectify MPD's unconstitutional practices.

14. The constitutional abuses are a result of either unconstitutional policies or policies that, while constitutional on their face, are implemented in such a way that violate constitutionally protected rights. Additionally, all constitutional abuses have occurred under the color of authority by MPD officers.

## FEDERAL CLAIMS

### COUNT ONE

**42 U.S.C. §1983 – Violations of the Fourth and Fourteenth Amendment Excessive Use of Force**

15. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

16. The conduct and actions of Defendant OFFICER PULIDO acting under color of law, in authorizing, directing, and/or causing lacerations to the eye and head area of MR. EGOZI was done when MR. EGOZI was attempting to walk away from OFFICER PULIDO in a non-violent manner. MR. EGOZI was grabbed from behind and thrown down to the ground as he attempted to walk away from a bar and restaurant he had been asked to leave from. The force used upon MR. EGOZI, was excessive and unreasonable, was done intentionally, willfully,

5

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400
www.crimlegal.com

maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of their acts, which was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

17.     As a direct and proximate result of the foregoing, Plaintiff has suffered physical, mental, and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## COUNT TWO

**42 U.S.C. §1983 – Violations of the Fourteenth Amendment
Failure to Render Medical Care**

18.     Plaintiff re-alleges Paragraphs 1 through 17 as if fully set forth herein.

19.     The CITY, CHIEF OROSA, and OFFICER PULIDO, have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by police.

20.     Defendant OFFICER PULIDO was in the immediate vicinity of MR. EGOZI after OFFICER PULIDO threw him the ground and then handcuffed him and was aware that MR. EGOZI had been subjected to being thrown to the ground from behind resulting in a laceration to his eye and head area because he was the one that used said force against MR. EGOZI and he was aware that MR. EGOZI was experience extreme physical pain as a result of his use of excessive and unnecessary force, but took no action to provide or request medical care for MR. EGOZI, disregarding obvious risk to MR. EGOZI's health.

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

21. The conduct and actions of the CITY OF MIAMI in failing to train, supervise and discipline, OFFICER PULIDO, acting under color of law, in failing to request or obtain medical attention for MR. EGOZI was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution.

22. As a direct and proximate result of the foregoing, Plaintiff has suffered damages, physical injury as well as mental, and emotional anguish.

## COUNT THREE

### 42 U.S.C. §1983 – Violation of Fourth Amendment
### Failure to Supervise and Discipline

23. Plaintiff re-alleges Paragraphs 1 through 22 as if fully set forth herein.

24. On March 25, 2012, OFFICER PULIDO violated MR. EGOZI's Fourth Amendment rights of the Plaintiff and others.

25. These violations of MR. EGOZI's Fourth Amendment rights were accomplished and/or furthered by supervisors who signed off on the reports submitted by OFFICER PULIDO.

26. These violations of Fourth Amendment rights were also accomplished and/or furthered by MPD officers' failure to abide by departmental policy concerning the USE of FORCE.

27. The CITY routinely has failed to discipline MPD officers for using excessive force and for failing to document instances, thereby facilitating the continued widespread violation of the Fourth Amendment rights of Plaintiff.

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400
www.crimlegal.com

28.     The CITY's failure to discipline OFFICER PULIDO for using excessive use of force against MR. EGOZI, amounted to deliberate indifference to the Fourth Amendment rights of Plaintiff, and resulted in ratification of the unconstitutional conduct of MPD officers.

29.     As a direct and proximate result of the CITY'S failure to supervise and discipline, the named Plaintiff has suffered physical, mental, and emotional pain and suffering, and humiliation.

**STATE LAW CLAIMS**
**COUNT FOUR**

**State Law Claim for False Arrest**

30.     Plaintiff re-alleges Paragraphs 1 through 29, as if fully set forth herein.

31.     This is an action, under the common law of the State of Florida, for false arrest. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. §1983, as set forth above.

32.     The conduct of the MPD officer who arrested MR. EGOZI was intentional and was committed within the course and scope of their employment with MPD.

33.     MR. EGOZI was unlawfully detained and deprived of his liberty against his will when OFFICER PULIDO arrested him for a crime without legal authority.

34.     The conduct of OFFICER PULIDO resulting in the false arrest of MR. EGOZI, was made without probable cause or even arguable probable cause.

35.     The CITY is responsible for the false arrest of MR. EGOZI in that this false arrest was intentional and was committed within the course and scope of the MPD arresting officer's employment with MPD, such that the doctrine of respondeat superior applies to this action.

36.     As a direct and proximate result of the false arrest detailed above, MR. EGOZI suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life,

8

___

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400
www.crimlegal.com

lost wages, and loss of ability to earn money.  These injuries and losses are permanent and continuing, and MR. EGOZI will suffer such losses in the future.

**WHEREFORE**, Plaintiff respectfully requests compensatory damages against Defendant, the CITY, and Compensatory and Punitive Damages against the Individual Defendants, costs of this action, and a trial by jury on all issues triable as a matter of right.

## COUNT FIVE
### State Law Claim for Civil Battery

37. Plaintiff re-alleges paragraphs 1 through 36 as if fully set forth herein.

38. This is a cause of action, under the common law of the State of Florida, for civil battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. §1983, as set forth above.

39. The conduct of MPD officer, OFFICER PULIDO in illegally searching and seizing MR. EGOZI on March 25, 2012 was intentional and intended to cause harmful or offensive contact with the person of MR. EGOZI.

40. Defendant, the CITY, is responsible for the batteries committed by its officers upon the person of MR. EGOZI, in that the civil battery was intentional, and was committed within the course and scope of their employment with MPD.

Respectfully Submitted on this 13th day of February, 2016, by:

**STEPHAN LOPEZ LAW FIRM, LLC.,**

*Counsel for Plaintiff*
4000 Hollywood Blvd., Suite 555-S
Hollywood, FL 333021
Phone: (954) 843-3509
Fax: (754) 551-5400
E-Mail: stephanlaw@outlook.com
By:*/S/ Stephan Lopez*
 Florida Bar No. 76959

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed, on this 13th day of February 2016, with the Clerk of the Court using CM/ECF and that this complaint will be served upon the City of Miami within 7 days from the filing of this complaint.

By: */s/ Stephan Lopez*

_____
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400
**www.crimlegal.com**